# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

## CONFERENCE AND SCHEDULING ORDER

## Civil Action No. 3:18-cv-02015-DCC

## JUDGE DONALD C. COGGINS, JR.

# NOTICE TO COUNSEL

Attached please find a proposed scheduling order for your review and comment. The 2000 Amendments to the Federal Rules of Civil Procedure, and subsequent amendments to the local rules for this District, now require that, early in the litigation, counsel meet, confer, and submit certain information to the Court. Some of the requested information is needed to formulate a scheduling order. The judges of this district have determined that the most feasible way of accomplishing this is for the Court to enter a tentative scheduling order with a request that the parties meet and determine if the dates proposed by the Court are acceptable.

**In this action, the Court wishes to conduct a conference with the attorneys of record pursuant to Rule 16 of the Federal Rules of Civil Procedure. The Court will conduct the Rule 16 conference in Chambers on September 24, 2018 at 2:00 PM in the Donald S. Russell Courthouse, 201 Magnolia Street, Spartanburg, South Carolina.** Prior to this Rule 16 conference, the parties shall meet and confer to discuss the information outlined in this scheduling order and shall be prepared to provide the Court with an oral Rule 26(f) report. Given these procedures, there is no need for the parties to file a written Rule 26(f) report.

The parties are reminded that a scheduling order "'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

The Local Civil Rules for the District of South Carolina, as well as forms and other important information, are available on this District's website at:

# www.scd.uscourts.gov

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Earline Johnson, | ) | CA 3:18-cv-02015-DCC |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | **CONFERENCE AND** |
| v. | ) | **SCHEDULING ORDER** |
| | ) | |
| Kim Transport, Inc., et. al., | ) | |
| | ) | |
| Defendant(s). | ) | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District, the Court hereby establishes the following schedule for this case.  This Scheduling Order is entered to administer the trial of this case in a manner consistent with the Federal Rules of Civil Procedure's goal of securing "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

1. Rule 26(f) Conference: A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held no later than **August 21, 2018**.[1]   At the conference, the parties shall confer concerning all matters set forth in Fed. R. Civ. P. 26(f) and whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary.  The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge. *See* Notice of Availability of United States Magistrate Judge, appended hereto.

2. Rule 26(a)(1) Initial Disclosures: The parties shall exchange the required initial disclosures[2] under Fed. R. Civ. P. 26(a)(1) no later than the date of the Rule 16 Pretrial Conference, which is discussed below.  Additionally, the parties should be prepared to generally discuss the subject matter of these disclosures at the Rule 16 Pretrial Conference.

3. Rule 16 Pretrial Conference: The Court wishes to conduct a conference with the attorneys of record pursuant to Fed. R. Civ. P. 16. The Court will conduct the Rule 16 conference

---

[1] Plaintiff's counsel shall initiate scheduling of the Fed. R. Civ. P. 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances.

[2] Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures.  If such a stipulation is made, it shall be confirmed in writing between the parties. *See* Local Civil Rule 29.01 (D.S.C.).

in Chambers on **September 24, 2018** at **2:00 PM** in the Donald S. Russell Courthouse, 201 Magnolia Street, Spartanburg, South Carolina.   Matters to be taken up at the conference will include all items identified in Rule 16(a) and (c). Additionally, counsel shall be prepared to provide the Court with an <u>oral</u> Rule 26(f) report.[3]

4.  <u>Amendment of Pleadings</u>: Any motions to join other parties and to amend the pleadings shall be filed by **October 15, 2018**.

5.  <u>Expert Disclosures</u>:

    A.  Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel has been disclosed to the other parties by **November 9, 2018**.

    B.  Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel has been disclosed to the other parties by **December 10, 2018**.

6.  <u>Records Custodians</u>: Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **December 31, 2018**. Objections to such affidavits must be made within 14 days after the service of the disclosures. *See* Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3) (D.S.C.).

7.  <u>Discovery</u>: Discovery shall be completed no later than **January 28, 2019**.   All discovery requests shall be served in time for the responses thereto to be served by this date.   De bene esse depositions must be completed by the discovery deadline. **No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02 (D.S.C.), and have had a telephone conference with Judge Coggins in an attempt to resolve the matter informally.  The request for a telephone conference should be made within the time limit prescribed by local rule for filing such a motion.   Attorneys should send a request for a telephone conference via e-mail to coggins_ecf@scd.uscourts.gov.  The parties shall set forth their respective positions in their request.**

8.  <u>Motions</u>: All dispositive motions, *Daubert* motions, and all other motions, except those to

---

[3] Given the procedures outlined in this order, there is no need for the parties to file a written Rule 26(f) report, as required by many other judges in the District. **Additionally, parties are hereby notified that Local Civil Rule 26.03 (D.S.C.) lists additional queries, which should be filed no later than 14 days after the Rule 16 Pretrial conference.**

complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial (other than *Daubert* motions), shall be filed on or before **February 11, 2019**.

9. <u>Mediation</u>: Mediation shall be completed in this case on or before **February 25, 2019**. *See* Judge Coggins' Standing Mediation Order (setting forth mediation requirements).

10. <u>Pretrial Disclosures</u>: No later than **April 8, 2019** the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures.  Within 14 days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party, and any deposition counter-designations under Fed. R. Civ. P. 32(a)(6).

11. <u>Motions in Limine</u>: Motions in limine must be filed no later than **March 29, 2019**. Written responses are due 7 days after the motion is filed.

12. <u>Pretrial Briefs and Exhibits</u>: Parties shall furnish the Court pretrial briefs 7 days prior to the date set for jury selection.[4]  Local Civil Rule 26.05 (D.S.C.).  Attorneys shall meet at least 7 days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits.  *See* Local Civil Rule 26.07 (D.S.C.).

13. <u>Jury Selection and Trial</u>: This case is subject to being called for jury selection and/or trial on or after **April 29, 2019**.

The parties' attention is specifically directed to Local Civil Rule 5.03 (D.S.C.) regarding the filing of confidential material.  The parties' attention is also directed to the Court's website regarding instructions or other orders that may be applicable to your case.

s/Donald C. Coggins, Jr.
United States District Judge

Dated: August 2, 2018
Spartanburg, South Carolina

Pursuant to Local Civil Rule 83.I.06 (D.S.C.), this Order is being sent to local counsel only.

---

[4] The pretrial brief information found in Local Civil Rule 26.05(A)–(M) (D.S.C.) shall be submitted only to the Judge's chambers. However, pretrial brief information contained in Local Civil Rule 26.05(N)–(O) (D.S.C.) shall be served on opposing parties.

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Earline Johnson, | ) | CA 3:18-cv-02015-DCC |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | **NOTICE, CONSENT, AND REFERENCE OF A** |
| v. | ) | **CIVIL ACTION TO A MAGISTRATE JUDGE** |
| | ) | |
| Kim Transport, Inc., et. al., | ) | |
| | ) | |
| Defendant(s). | ) | |

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

Consent to a magistrate judge's authority. The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| Parties' printed names | Signatures of parties or attorneys | Dates |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED**: This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____          _____
                                                                        District Judge's signature

                                                     _____
                                                                        Printed name and title

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a
             United States magistrate judge. Do not return this form to a judge.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION


| | | |
|---|---|---|
| Earline Johnson, | ) | CA 3:18-cv-02015-DCC |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | **ORDER TO CONDUCT** |
| v. | ) | **MEDIATION** |
| | ) | |
| Kim Transport, Inc., et. al., | ) | |
| | ) | |
| Defendant(s). | ) | |

A mediation is to be completed in this matter in accordance with the time limits set forth in the Scheduling Order issued in this case.  Upon completion of the mediation, counsel shall advise the Court in writing only that the mediation has occurred, the date of the mediation, whether the case was settled in whole or in part, and whether a trial is necessary.

Attorneys primarily responsible for handling the trial, parties, and/or insurance representatives with full settlement authority[1] are **ORDERED** to be present in person and will be excused only for good cause shown. Every person who is excused from attending in person must be available to participate by telephone, unless otherwise ordered.  At the mediation, primary trial counsel, along with parties, and/or their insurer representatives, should be prepared to participate in a mutual, good faith effort to negotiate a fair and reasonable settlement.  All necessary discovery must be completed prior to mediation. Lack of discovery or settlement authority is no excuse for failure to appear and/or participate.

Communications made in connection with or during the mediation are confidential and protected by Fed. R. Evid. 408, Local Civ. R. 16.08(C) (D.S.C.), and Fed. R. Civ. P. 68.  If a settlement is not reached at mediation, settlement discussions are neither admissible at trial nor to be disclosed to the presiding judge, except as allowed by Local Civ. R. 26.05 (D.S.C.).

If any reason exists why any person, party, or counsel subject to this Order should not participate in this mediation, the Court is to be advised of these reasons in writing immediately.

Notices have been mailed to all counsel of record and any *pro se* parties.  Counsel are

---

[1] "Full settlement authority" for the Defendant means an individual who can decide to offer the Plaintiff a sum up to the existing demand of the Plaintiff or the policy limits of any applicable insurance policy, whichever is less.  "Full settlement authority" for the Plaintiff means the Plaintiff himself or herself or a representative of the Plaintiff who can make a binding decision on behalf of the Plaintiff or Plaintiffs.

responsible for notifying and ensuring the presence of parties and/or insurance representatives as described above.

Any questions concerning the selection of a mediator or the mediation process generally should be referred to the Court's ADR Program Director, Danny Mullis, at (843) 579-1435.

AND IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

August 2, 2018
Spartanburg, South Carolina